UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL FINDLEY,

        Plaintiff,

v.

UNITED PARCEL SERVICE,

        Defendant.

_____ /

Case No. 08-11742

District Judge Arthur J. Tarnow

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Paul Findley's Motion to Waive Taxed Costs [Doc. #34], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

## I.    BACKGROUND

Plaintiff brought this case under Michigan's Persons With Disabilities Civil Rights Act ("PWDCRA"), M.C.L. § 37.1101, *et seq.* On July 23, 2009, the Court granted summary judgment in favor of Defendant [Doc. #17,18]. Defendant filed a Bill of Costs on August 20, 2009 [Doc. #21], and on August 21, 2009, the Clerk's Office taxed costs in the amount of $2,105.82 [Doc. #22]. On August 24, 2009, Plaintiff filed Objections to Taxed Bill of Costs and Motion for a Stay of Taxation Proceedings [Doc. #23]. In that pleading, Plaintiff asked that the taxation of costs be stayed pending appeal to the Sixth Circuit. On October 5, 2009, this Court denied Plaintiff's objections, stating as follows [Doc. #35]:

Plaintiff seeks a stay of the taxation proceeding pending the resolution of his appeal to the Sixth Circuit. However, the Clerk of the Court has already

-1-

taxed costs in the amount of $2,105.82.  As Defendant observes, Plaintiff does not object to the amount of the costs taxed, nor does he argue that the method of assessment was improper.

The taxation process having already been completed by the Clerk, Plaintiff having made no substantive objection to the amount taxed, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED that Plaintiff's Objections to Taxed Bill of Costs and Motion for a Stay of Taxation Proceedings [23] are hereby DENIED.

On August 3, 2011, the Sixth Circuit affirmed this Court's grant of summary judgment to the Defendant [Doc. #30], and issued a Mandate on August 25, 2011 [Doc. #34]. The Mandate indicated that no appellate costs would be assessed.  On October 17, 2011, this Court issued a Judgment Lien [Doc. #33]. Plaintiff filed the present motion on November 7, 2011.

## II.   DISCUSSION

Under Fed.R.Civ.P. 54(d), a party may request review of the Clerk's taxation of costs within seven days of the Clerk's action. In this case, Plaintiff filed a timely objection to the taxation of costs on August 24, 2009. In the Order denying those objections [Doc. #27], this Court specifically stated, "Plaintiff does not object to the amount of the costs taxed, nor does he argue that the method of assessment was improper."

It is true that "'the inability to pay is a proper factor to be considered in granting or denying taxable costs'" and the presumption that costs are to be awarded to the prevailing party "'may be overcome by a showing of indigency.'"  *Berryman v. Epp*, 884 F.Supp. 242, 244 (E.D.Mich. 1995), quoting *McGill v. Faulkner,* 18 F.3d 456, 458 (7th Cir.). However,  "unsuccessful indigent litigants are not automatically shielded from the imposition of costs against them," *McGill* at 458, and "the prevailing party is prima facie

-2-

entitled to costs and it is incumbent on the losing party to overcome the presumption." *Id*. at 459. In *McGill*, the plaintiff "merely alleged, without documentary support, that he was indigent and therefore he should not have to pay costs." *Id.* The Seventh Circuit held that "[a] plaintiff's indigency ... does not require the court to automatically waive costs to an unsuccessful litigant." *Id.* Indeed, in *Weaver v. Toombs,* 948 F.2d 1004, 1008 (6th Cir.1991), the Sixth Circuit found that "a district court may assess costs against an unsuccessful *in forma pauperis* litigant...." A waiver of costs based on indigency "is subject to a *prompt* challenge and showing by such prisoner-plaintiffs that they are incapable, as a practical matter and as a matter of equity, of paying such costs." *Berryman* at 244 (emphasis added).

Plaintiff's August 24, 2009 objection to costs, while itself timely, did not raise the issue of indigency or inability to pay. Moreover, neither the 2009 objection nor the present motion provides any documentary or evidentiary support for the claim of indigency. *See McGill, supra*, at 458 (plaintiff "merely alleged, without documentary support, that he was indigent and therefore he should not have to pay costs.").

Plaintiff's motion to waive costs is, in effect, a second objection to taxed costs, and must be denied for three reasons. First, this Court's order denying Plaintiff's first objections is law of the case, and Plaintiff has waived any argument based on indigency by failing to raise it in his first objections.[1]

Second, this motion is untimely. Fed.R.Civ.P. 54(d) provides a seven-day period for filing objections to taxed costs. Even if the time were computed from the Sixth Circuit's mandate of August 25, 2011, a motion filed on November 7, 2011 is untimely.

---

[1] In his motion, Plaintiff states that he "has been unemployed since May 2005." Therefore, he cannot claim that his impecuniousness is a recent phenomenon that could not have been raised in his 2009 objection to costs.

-3-

Third, Plaintiff has not provided any evidentiary support for his claim of indigency, nor has he cited any legal authority for the Court to waive taxed costs at this late date.

### III.   CONCLUSION

I therefore recommend that Plaintiff's Motion to Waive Taxed Costs [Doc. #34] be DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue

-4-

contained within the objections.

> s/ R. Steven Whalen
> R. STEVEN WHALEN
> UNITED STATES MAGISTRATE JUDGE

Date:  August 24, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on August 24, 2012.

> s/Johnetta M. Curry-Williams
> Case Manager